**Opinion issued June 4, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00021-CR

———————————

**MARK KEVIN ALEXANDER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 486th District Court**
**Harris County, Texas**
**Trial Court Case No. 1804916**

---

## MEMORANDUM OPINION

Appellant, Mark Kevin Alexander, without an agreed punishment recommendation from the State, pleaded guilty to the felony offense of aggravated

assault.[1]  The trial court found appellant guilty and assessed appellant's punishment at confinement for eight years.  Appellant filed a notice of appeal.

We reinstate and dismiss the appeal for lack of jurisdiction.

The Texas Rules of Appellate Procedure clearly set out the right to appeal for criminal defendants.  *See Lewis v. State*, No. 01-22-00303-CR, 2022 WL 141565900, at *1 (Tex. App.—Houston [1st Dist.] Oct. 25, 2022, no pet.) (mem. op., not designated for publication); *Lagunas v. State*, No. 01-20-00279-CR, 2020 WL 5823291, at *1 (Tex. App.—Houston [1st Dist.] Oct. 1, 2020, no pet.) (mem. op., not designated for publication).  Texas Rule of Appellate Procedure 25.2 states that in a case where a defendant has voluntarily pleaded guilty, the defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission.  *See* TEX. R. APP. P. 25.2(a)(2); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02.  The trial court must sign a certification of a defendant's right of appeal each time it enters a judgment of guilt or other appealable order.  TEX. R. APP. P. 25.2(a)(2).  An appeal must be dismissed if a certification showing that the defendant has a right of appeal has not been made part of the record.  TEX. R. APP. P.  25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

---

[1]    *See* TEX. PENAL CODE ANN. § 22.01(a), 22.02(a), (b).

Here, the trial court's certification is included in the record on appeal. *See* TEX. R. APP. P. 25.2(d). It states that appellant "has waived the right of appeal." The trial court's judgment also states: "APPEAL WAIVED, NO PERMISSION TO APPEAL GRANTED." The record supports the trial court's certification.[2]

Although a defendant has a statutory right to appeal his conviction, a defendant may waive his right to appeal in all but capital cases. *Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018). A valid waiver of appeal—one made voluntarily, knowingly, and intelligently—prevents a defendant from appealing without the trial court's consent. *See id.*; *Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009); *see also Flores v. State*, Nos. 01-20-00243-CR to 01-20-00246-CR, 2020 WL 2988564, at *1 (Tex. App.—Houston [1st Dist.] June 4, 2020, pet. ref'd) (mem. op., not designated for publication). "[A] defendant may

---

[2] We note that on November 1, 2023, the trial court signed a certification of appellant's right to appeal, stating that appellant "ha[d] waived the right to appeal." But on November 27, 2023, the trial court signed a second certification stating that this was "not a plea-bargain case, and [appellant] ha[d] the right of appeal." Because the trial court's November 27, 2023 certification conflicted with the appellate record and the trial court's November 1, 2023 certification, appellant's court-appointed appellate counsel filed a motion to abate, requesting that the Court abate this appeal for the trial court "to determine the status of [a]ppellant's right to appeal." The Court granted the motion to abate, and the trial court held a hearing to determine whether appellant had the right of appeal or if the trial court had granted appellant permission to appeal. *See, e.g.*, *Olvera v. State*, No. 01-22-00726-CR, 2023 WL 4629145, at *2–3 (Tex. App.—Houston [1st Dist.] July 20, 2023, no pet.) (mem. op., not designated for publication). Following the hearing, the trial court signed a new certification, stating that appellant had "waived the right of appeal." The new certification was signed by the trial court and appellant's court-appointed appellate counsel. It is supported by the appellate record.

knowingly and intelligently waive his appeal as part of a plea when consideration is given by the State, even when sentencing is not agreed upon." *Carson*, 559 S.W.3d at 494; *see Jones v. State*, 488 S.W.3d 801, 804–08 (Tex. Crim. App. 2016) (explaining presentence waivers of right of appeal have been upheld when record showed defendant received consideration for waiver); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.14(a) ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law . . . ."); *Flores*, 2020 WL 2988564, at *1.

Here, as part of his guilty plea, appellant signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," which stated:

> The State agrees to waive its right to a jury trial and mandatory prison sentence on finding of guilt, in exchange for [appellant's] agreement to waive his right to appeal. The plea is without an agreed recommendation to the trial court with the full range of sentence available to the [c]ourt.

(Emphasis omitted.) Further, in the "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," appellant agreed as follows:

> I understand the above allegations and I confess that they are true and that the acts above were committed on July 29, 2022.
>
> In open court I consent to the oral and written stipulation of evidence in this case and to the introduction of affidavits, written statements, of witnesses, and other documentary evidence. I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with him. I waive any further time to prepare for trial to which I or my attorney may be entitled.

4

**Open Guilty Plea**:

> I intend to enter a plea of guilty without an agreed recommendation of punishment from the [State] and request that my punishment be set by the judge. I understand that I have not reached an agreement with the [State] as to punishment, and the [State] reserves the right to argue for any sentence within the available range of punishment at my sentencing hearing.[3]

In exchange for appellant's waiver of his right to appeal, the State agreed to waive its right to a jury trial or, more precisely, the State consented to appellant's waiver of his right to jury trial. *See* TEX. CODE CRIM. PROC. ANN. art. 1.13(a) ("The defendant in a criminal prosecution for any offense other than a capital felony case in which the [S]tate notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that, except as provided by [Texas Code of Criminal Procedure] [a]rticle 27.19, the waiver must be made in person by the defendant in writing in open court *with the consent and approval of the court, and the attorney representing the [S]tate*." (emphasis added)); *see also Lewis*, 2022 WL 14165900, at *2; *Harrison v. State*, No. 01-20-00093-CR, 2020 WL 7776082, at *2 (Tex. App.—Houston [1st Dist.] Dec. 31, 2020, no pet.) (mem. op., not designated for publication); *Flores*, 2020 WL 2988564, at *2. By agreeing to waive its right to a

---

3   Appellant also signed a document titled, "Advice of Defendant's Right to Appeal," which advised appellant that if he "waived or gave up [his] right to appeal, [he] c[ould not] appeal [his] conviction." (Emphasis omitted.) In signing that document, appellant affirmed that he had read and understood the document.

jury trial, the State gave consideration for appellant's waiver of his right to appeal. *See Carson*, 559 S.W.3d at 492–96; *Ex parte Broadway*, 301 S.W.3d at 695–99; *see also Lagunas*, 2020 WL 5823291, at *1 (defendant voluntarily waived his statutorily created right of appeal in exchange for State waiving its right to jury trial); *Flores*, 2020 WL 2988564, at *2.

Although appellant attempts to appeal from the trial court's judgment of conviction, the record is clear that appellant voluntarily waived his statutorily created right of appeal in exchange for the State waiving its right to a jury trial. *See Lewis*, 2022 WL 14165900, at *3. If a defendant validly waives his right to appeal but nonetheless appeals, we must dismiss his appeal for lack of jurisdiction. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant . . . is permitted to appeal by [Texas Rule of Appellate Procedure] 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see also Olvera v. State*, No. 01-22-00726-CR, 2023 WL 4629145, at *3 (Tex. App.—Houston [1st Dist.] July 20, 2023, no pet.) (mem. op., not designated for publication); *Lewis*, 2022 WL 14165900, at *3.

Accordingly, we reinstate the appeal on the Court's active docket and dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Landau, Countiss, and Guerra.

Do not publish.  TEX. R. APP. P. 47.2(b).